## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE:                                        :
                                              :
WASHINGTON MUTUAL, INC.,                      :   Bankruptcy Case No. 08-12229-MFW
et al.,                                       :
                                              :   BAP 15-61
                          Debtors.            :
                                              :
_____          :
                                              :
HUSSIAN KAREEM                                :
                                              :
                          Appellant,          :
                                              :
       v.                                     :   C. A. No. 15-995-GMS
                                              :
WMI LIQUIDATING TRUST                         :
                                              :
                          Appellees.          :

**FILED**

### RECOMMENDATION

FEB – 3 2016

U.S. DISTRICT COURT DISTRICT OF DELAWARE

At Wilmington this **3**rd day of **February, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern

Mediation of Appeals from the United States Bankruptcy Court for this District dated

September 11, 2012, the court conducted an initial review, which involved a

teleconference scheduled with the parties for February 1, 2016, to determine the

appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues

involved in this case are not amenable to mediation and mediation at this stage would

not be a productive exercise, a worthwhile use of judicial resources nor warrant the

expense of the process.

The teleconference was scheduled for 9:00 Eastern Time on February 1, 2016. Counsel for Appellee initiated the teleconference as ordered. Appellant did not attend the teleconference. Appellant is located in Georgia which is within the Eastern time zone, the same time zone as the court. The court confirmed with counsel for Appellee regarding the measures taken to notify Appellant and was advised that he was informed by email sent on January 15, 2016 regarding the call in number, to which Appellant responded confirming he was aware of the date, time and how to participate in the teleconference. After a seven minute wait, the court discussed with counsel for Appellee regarding its position on mediation, and was advised that mediation was not desired and would not be productive. The teleconference ended at 9:15 a.m.

Thereafter, at 9:26 a.m., Appellant contact chambers and advised that he had been waiting for the teleconference for the past five minutes. He confirmed that he was provided with the call in number. He was informed that the teleconference was scheduled at 9:00 a.m. and his efforts to be involved in the teleconference were too late.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties are advised of their right to file objections to this Recommendation to remove this appeal from mandatory mediation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 and are directed to the Standing Order dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

2

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE