IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) <br> ) <br> WASHINGTON MUTUAL, INC., *et al.*, ) <br> ) <br> ) <br> Debtors. ) <br> ) | Bankruptcy Case No. 08-12229 (MFW) <br><br> Jointly Administered |
| ) <br> HUSSAIN KAREEM, ) <br> ) <br> Appellant, ) <br> v. ) <br> ) <br> WMI LIQUIDATING TRUST, ) <br> ) <br> Appellee. ) | C.A. No. 15-995-GMS |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is an appeal from the October 20, 2015 Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") granting summary judgment in favor of WMI Liquidating Trust. For the reasons that follow, the court will affirm the Bankruptcy Court's October 2015 Order.

### II. BACKGROUND

*Pro se* Appellant, Hussain Kareem ("Kareem") executed and delivered a security deed conveying the property located at 1921 Fisher Driver, Stockbridge, Georgia 30281 to Washington Mutual Bank ("WMB") to secure a note on the original principal amount of $168,000 on August 17, 2007. (D.I. 23 at Ex. M, at B1042.) Within the first year of executing the mortgage, Kareem

1

defaulted on his payments and, on September 2, 2008, WMB foreclosed on the property. (*Id.* at B1042-43.) On September 25, 2008, the FDIC executed a seizure of WMB and its subsidiaries.[1] (D.I. 20 at 5.) On September 26, 2008, the petition date, Washington Mutual Inc. and WMI Investment ("Debtors") filed for Chapter 11 of the United States Bankruptcy Code. (*Id.*) Subsequently, the Bankruptcy Court entered an Order on January 30, 2009 ("Bar Date Order"), which established a March 31, 2009 deadline for creditors who sought to file Proofs of Claims that arose on or before the petition date, and approved the form and manner of the notice thereof. (D.I. 21 at Ex. B, at B4.) The Bar Date Order provided that "Proofs of Claims will be deemed timely filed only if **actually received** . . . on or before the Bar Date." (*Id.* at B5) (emphasis in the original). Further, the Bar Date Order stated as follows:

> any holder of a claim against the Debtors who receives notice of the Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a Proof of Claim in accordance with this Order on or before the Bar Date, shall not be permitted to . . . participate in any distribution in Debtors' chapter 11 cases on account of such claim.

(*Id.* at B7.)

The notice of the March 31, 2009 bar date and requirements for filing were served by Kurtzman Carson Consultants, the court appointed claims agent, by mail to the creditors known to the Debtor at the time. (D.I. 23 at Ex. P, at 30:4-8.) Additionally, the notice was published in four different publications, the *Wall Street Journal*, the *Seattle Times*, the *Seattle Post-Intelligencer* and

---

[1] Specifically, On September 25, 2008, the Office of Thrift Supervision, by order number 2008-36, closed WMB, appointed the FDIC as receiver for WMB (the "FDIC Receiver") and advised that the FDIC Receiver was immediately taking possession of WMB's assets. Pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated September 25, 2008, by and among the FDIC Receiver, the FDIC and JP Morgan Chase ("JMPC"), as amended, modified or supplemented, JPMC purchased substantially all of the assets of WMB. (D.I. 20 at 5.)

2

the *New York Times*, in accordance with the Bar Date Order. (D.I. 21 at Ex. B, at B10); (D.I. 21 at Exs. H-J.) Kareem did not file a Proof of Claim in advance of the March 31, 2009 bar date.

On or around June 27, 2011, Kareem received a notice regarding the "Cassesse" class action which alleged that the Debtors inappropriately charged fees associated with certain mortgage payoffs. (D.I. 7 at Ex. B); (D.I. 20 at 14 n.4.) On August 26, 2011, Kareem opted-out of the "Cassesse" class stating that "[t]here are other damages which I want to pursue." (D.I. 7 at Ex. B.)

On February 23, 2012, the Bankruptcy Court confirmed the Debtor's Seventh Amended Plan and, upon satisfaction or waiver of the conditions described therein, the transactions contemplated by the Amended Plan were consummated as reflected in the March 19, 2012 Notice. (D.I. 22 at Ex. K.) The Bankruptcy Court's February 2012 Order provided that:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any proof of Administrative Expense Claim not filed with this Court shall be deemed forever barred and the Debtors, the Reorganized Debtors, and the Liquidating Trust shall have no obligation with respect thereto.

(*Id.* at Ex. K, at B182.)

On March 19, 2012, Debtors filed a Notice of (A) Entry of Order Confirming the Seventh Amended Joint Plan of Affiliated Debtors pursuant to Chapter 11 of the United States Bankruptcy Code and (B) Occurrence of the Effective Date, directing that any person who had Administrative Expense Requests to submit such requests by June 17, 2012 ("March 2012 Notice"). (D.I. 23 at Ex. L.) The March 2012 Notice expressly stated that "Administrative Expense Requests will be deemed timely filed only if **actually received** by Kurtzman Carson Consultants LLC by 5:00 p.m.

3

(prevailing Eastern Time) on June 17, 2012." (D.I. 23 at Ex. L, at B1007) (emphasis in the original). The March 2012 Notice further explained that:

> if you are required to file an Administrative Expense Request pursuant to Section 3.1 of the Plan and paragraph 47 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors, their estates, and their property and the Debtors, the Reorganized Debtors, and the Liquidating Trust will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.

(*Id.*)

On Friday, June 15, 2012, Kareem mailed two proofs of claim, Nos. 4095 and 4096, for damages associated with his 2007 mortgage on the Stockbridge, Georgia property. (D.I. 23 at Exs. M-N.) The claims were received on Tuesday, June 19, 2012. (*Id.*) The Debtors objected to Kareem's Proof of Claims arguing that they were not valid administrative expenses, but were actually general unsecured claims that were subject to the March 31, 2009 bar date. (D.I. 20 at 8.) The objection stated:

> Finally, the remaining two expense requests, which are duplicative of each other, filed as administrative expense claims, listed on Exhibit D, should be also disallowed. The "expense requests" appear to be claims arising from allegedly wrongful foreclosures and Truth-In-Lending-Act violations, relating to a mortgage entered into in August 2007 between the claimant and Washington Mutual Bank, FA ("WMB"). All of the attached supporting documentation clearly references WMB as the contracting party. There is no subsection of section 503 of the Bankruptcy Code under which the request would qualify as a valid administrative expense. Seventy-Eighth Omnibus Objection, ¶ 16.

(D.I. 19 at 8.)

4

On September 10, 2015, the Debtors moved for summary judgment to disallow Kareem's claims from being filed after the deadlines required by the Bar Date Order, the February 2012 Order, and the March 2012 Notice. (D.I. 23 at Ex. P, at 6:24-7:2.) On October 20, 2015, the Bankruptcy Court held a summary judgment hearing. (D.I. 23 at Ex. P.) At the hearing, the Bankruptcy Court first found that the Debtors properly served notice of the March 31, 2009 bar date through either direct mailings to creditors known to Debtors are the time or constructive notice through the publication of the notice of the bankruptcy in four newspapers. (D.I. 23 at Ex. P, at 30:11-21.) The Bankruptcy Court next determined that the Bar Date Order required that claims will only be considered timely filed if they are actually received by the March 31, 2009 deadline. (D.I. 23 at Ex. P, at 30:3-5.) The Bankruptcy Court noted that Kareem had a pre-petition claim before the March 31, 2009 bar date, despite whether he was aware of the claim, and thus, was bound by the original March 31, 2009 bar date. (D.I. 23 at Ex. P, at 30:22-31:3.)

The Bankruptcy Court then considered Kareem's argument that his tardiness in filing his Proof of Claims was the result of excusable neglect. The Bankruptcy Court determined that excusable neglect "requires that once a party has notice of a bankruptcy case and that it may have a claim against the bankrupt, it is obligated to take reasonable efforts to inform the creditor of whether or not it had to file a Proof of Claim by a set bar date." (D.I. 23 at Ex. P, at 31:15-20.) The Bankruptcy Court ruled that Kareem "did none of that." (*Id.* at 31:20-21.)

First, the Bankruptcy Court found that Kareem had constructive notice of his claims not only when the Debtors published the March 31, 2009 bar date notice in the four newspapers, but also when he opted-out of the "Cassesse" class action. (*Id.* at 31:4-9.) Although the parties dispute whether Kareem was a member of that class and whether he properly opted-out, the August 26,

5

2011 letter Kareem sent to opt-out of the class indicated to the Bankruptcy Court that he believed he had a claim to pursue on his own. (D.I. 7 at Ex. B) ("For the purposes of a definite statement to the above instant action, Plaintiff Kareem states affirmatively, that he has opted out of the class settlement. But, he states on the record that he wishes to proceed and recoup other claims related to the cause of action.") The court determined that at that point, he was obligated to pursue his claims against Debtors "expeditiously," but instead he waited until ten months later to file his Proof of Claims. (D.I. 23 at P, at 31:8-9.)

Next, the Bankruptcy Court found that even if Kareem was not aware of the date by which he had to file a Proof of Claim until he received the March 2012 Notice, he still did not diligently attempt to submit his Proof of Claims. (*See* D.I. 23 at Ex. P, at 31:22-32:10.) The Bankruptcy Court acknowledged that although Kareem put his Proof of Claims in the mail before June 17, 2012, the Proof of Claims were not actually received before that date as expressly required by the March 2012 notice and, thus, they were late-filed.[2] (*Id.*)

Finally, the Bankruptcy Court also rejected Kareem's arguments for the applicability of the "mailbox rule" and Bankruptcy Rule of Procedure 9006(f). The Bankruptcy Court interpreted the plain language of the March 2012 Notice, which expressly stated that any Proof of Claims must be "actually received" by the June 17, 2012 administrative expense bar date. (D.I. 23 at Ex. P, at 33:16-24.) The Bankruptcy Court found that the Bar Date Order and the March 2012 Notice required Proof of Claims to be "actually received" by the deadline and not placed in the mail by the deadline and, as a result, the "mailbox rule" and Bankruptcy Rule of Procedure 9006(f) were

---

[2] The Bankruptcy Court did not make a finding about whether the Proof of Claims Kareem filed on June 19, 2012 were actually valid administrative expense claims or unsecured pre-petition claims. Such a finding was not necessary to the Bankruptcy Court's ruling because, despite which types of claims they were, they were filed beyond the deadlines set forth in the Bar Date Order and the March 2012 Notice.

6

inapplicable. Consequently, the Bankruptcy Court granted summary judgment in favor of the Debtors and disallowed Kareem's Proof of Claims in their entirety because Kareem "failed to show that he can be excused from the failure to timely file those [pre-petition March 2009] claims, and this [June 2012] claim shall be barred as having been filed beyond the bar dates." (*Id.* at 32:16-18.) On October 26, 2015, Kareem filed the instant appeal from the Bankruptcy Court's ruling. (D.I. 1, 19.)

### III. THE PARTIES' CONTENTIONS

Here, Kareem argues that the Bankruptcy Court's October 20, 2015 Order is in error and should, therefore, be overruled. Specifically, Kareem contends that the Bankruptcy Court improperly ruled that: (1) Kareem's claims were subject to and barred by the March 31, 2009 bar date, (2) the mailbox rule and Bankruptcy Rule of Procedure 9006(f) were inapplicable to his late-filed June 2012 Proof of Claims, and (3) he failed to establish excusable neglect. (*See* D.I. 19 at 3-4.)

The appellee contends that the Bankruptcy Court's decision should be affirmed. Specifically, appellee argues that the Bankruptcy Court correctly determined that: (1) Kareem had notice of the Bar Date Order and the March 2012 Notice, (2) his Proof of Claims against the Debtors were required to be "actually received" before the March 31, 2009 bar date or the June 17, 2012 bar date, (3) Kareem failed to file his Proof of Claims before either the original March 31, 2009 bar date or the June 17, 2012 Administrative Expense Bar Date, and (4) Kareem failed to establish excusable neglect for his late-filed claims. (*See* D.I. 20 at 10-15.)

## IV. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C.A. § 158(a)(1). In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991). Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *Id.*

## V. DISCUSSION

After having considered the record on appeal, the parties' submissions, the standard of review, and the applicable law, the court finds that the Bankruptcy Court committed no factual or legal error. The court will, therefore, affirm the Bankruptcy Court's decision in this case.

### A. The Bankruptcy Court Properly Determined that Kareem Received Adequate Notice of the March 31, 2009 Bar Date and June 17, 2012 Administrative Expense Request Bar Date.

The Bankruptcy Court did not abuse its discretion in finding that Kareem received notice of both the March 31, 2009 bar date and the June 17, 2012 Administrative Expense Request bar date. The Bankruptcy Court correctly determined that, although Kareem claimed that he did not receive actual notice of the January 30, 2009 Bar Date order which set March 31, 2009 as the bar date, Debtors complied with the Bar Date Order's notice requirements. Specifically, the court correctly construed the plain language of its order, which "require[d] service on those creditors of which the Debtor had actual knowledge that they had a claim against it by mail, but also allowed the notice by publication on all other creditors who may have had a claim against the Debtor." (D.I. 23 at Ex. P, at 30:4-8.) The Bankruptcy Court determined that Debtors complied with the publication notice requirements by publishing the notice in four newspapers. Therefore, the

8

Bankruptcy Court correctly ruled that Kareem had notice of his claims against the Debtors and, as a result, was bound by the Bar Date Order.

Kareem further argued that the Bankruptcy Court improperly determined that he was bound by the March 31, 2009 bar date because he was not aware before that time that he had a claim against Debtors. Whether Kareem had knowledge that he had a claim before 2009 had no bearing on the Bankruptcy Court's ruling. Instead, the Bankruptcy Court determined that, even if he did not know he had a claim before the March 31, 2009 Bar Date, Kareem knew by the time that he opted-out of the "Cassesse" class action that he had a claim against Debtors and "[a]t that point he was obligated to pursue his claim, if he had any against Debtors, expeditiously." (D.I. 23 at Ex. P, at 31:8-9.) Thus, the Bankruptcy Court's finding was predicated on Kareem's failure to prosecute after the record demonstrated that he knew he had a claim, which was on August 26, 2011 at the latest. Kareem further argued that even after opting-out of the "Cassesse" class, he was unaware of the time period he had to file his claims. The record reflects, and the Bankruptcy Court properly determined, that upon Kareem's receipt of the March 2012 Notice, Kareem was informed of the June 17, 2012 administrative expense deadline. Thus, the court finds that the Bankruptcy Court did not abuse its discretion in determining that Kareem had notice of and was required to adhere to the March 2009 and June 2012 bar dates.

### B. The Bankruptcy Court Correctly Found that Kareem's Proof of Claims Were Late-Filed and Neither the Mailbox Rule nor Bankruptcy Rule of Procedure 9006(f) were Applicable.

Second, the Bankruptcy Court did not abuse its discretion in finding that Kareem missed both the March 31, 2009 and the June 17, 2012 deadlines for filing his Proof of Claims and the Bankruptcy Court did not err in determining that neither the Mailbox Rule nor the Bankruptcy rule

9

of Procedure 9006(f) were applicable. As discussed above, the Bankruptcy Court found—and both parties acknowledged—that Kareem missed the March 31, 2009 deadline. Kareem, however, disputes the Bankruptcy Court's finding that his Proof of Claims, which were received on June 19, 2012, were untimely. Specifically, Kareem argues that the Bankruptcy Court failed to consider the Mailbox Rule and Bankruptcy Rule of Procedure 9006(f). The court disagrees.

Bankruptcy Rule of Procedure 9006(f) provides that "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period *after being served* and that service is by mail or under Rule 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(f) (emphasis added). The Bankruptcy Court properly interpreted the plain language of the March 2012 Notice, which stated that a creditor's Proof of Claim must be "actually received" by June 17, 2012. Here, the March 2012 Notice did not prescribe a time period during which Kareem had to respond after service as contemplated by the statute, but instead provided a specific date on which the Proof of Claims had to be "actually received." Considering that, the Bankruptcy Court correctly found that Bankruptcy Rule of Procedure 9006(f) was inapplicable. Thus, the Bankruptcy Court properly determined, in accordance with precedent in this Circuit, that the Bankruptcy Rule of Procedure 9006(f) and the Mailbox Rule were not applicable, and Kareem's Proof of Claims received on June 19, 2012 were late-filed. Therefore, the court cannot conclude that the Bankruptcy Court erred in its factual findings or legal conclusions in this regard.

### C. The Bankruptcy Court Properly Ruled that Kareem Failed to Establish Excusable Neglect Excepting Him from Adhering to the Bar Dates.

Finally, the court disagrees with Kareem's contention that the Bankruptcy Court erred in finding that Kareem failed to establish excusable neglect. "Rule 9006(b)(1) empowers a Bankruptcy Court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993). The determination of "excusable neglect" is an equitable one where the Bankruptcy Court must take into account all relevant circumstances surrounding the party's omission. *Id.* at 395. In making this determination, the Bankruptcy Court correctly found that:

> "the standard for excusable neglect requires that once a party has notice of a bankruptcy case and that it may have a claim against the bankrupt, it is obligated to take reasonable efforts to inform the creditor of whether or not it had to file a Proof of Claim by a set bar date."

(D.I. 23 at Ex. P, at 31:15-20.) The Bankruptcy Court stated that Kareem "did none of that." (*Id.*) Here, the Bankruptcy Court not only looked at Kareem's failure to adhere to the June 17, 2012 administrative expense bar date, but also looked to his neglect in pursuing his claims during and after the instances where the facts show that he was aware he had a claim against Debtors. As noted, such times include: (1) after the Bankruptcy Court determined he had notice of the bankruptcy following the Debtor's 2009 notice publications in four newspapers, (2) when he withdrew from the "Cassesse" class action on August 26, 2011 because he wanted to pursue his claims against WMB on his own, and (3) when he received the March 2012 Notice. The Bankruptcy Court determined that Kareem inexplicably delayed filing his Proof of Claims despite having notice of his claims at least ten months prior and failed to present any mitigating circumstances for his delay. *cf. Consolidated Freightways Corp. v. Larson*, 827 F.2d 916 (3d Cir.

1987), cert. denied, 484 U.S. 1032 (1988) (finding that a late-filing creditor demonstrated excusable neglect where a notice of appeal was filed in the wrong district because the notice was erroneously prepared). Thus, the record supports the Bankruptcy Court's finding that Kareem failed to demonstrate excusable neglect.

Therefore, the court detects no error in the Bankruptcy Court's factual determinations or in its legal conclusions in its ruling that Kareem's Proof of Claims were barred by his failure to timely file them in advance of either the March 31, 2009 or the June 17, 2012 bar dates and that his failure to act was not the result of excusable neglect.

## VI. CONCLUSION

For the foregoing reasons, the court will **AFFIRM** the Bankruptcy Court's October 20, 2015 Order.

Dated: August 6, 2018

UNITED STATES DISTRICT JUDGE